# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAYMOND ANDREWS, CDC #T-67625,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT COYLE; DENNIS BECK,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　06cv2278 BEN (JMA)<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROPER VENUE** |

　　　　Plaintiff, an inmate currently incarcerated at Calipatria State Prison in Calipatria, California, proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that a United States District Judge and a United States Magistrate Judge for the Eastern District of California violated his civil rights when they committed "perjury" while sentencing him after his criminal trial. (Compl. at 3.) Plaintiff seeks injunctive relief. (*Id.* at 7.)

　　　　Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.　Lack of Proper Venue**

　　　　Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a

responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims constitutional violations originally arising out of events which occurred in Fresno County, California. Moreover, none of the named Defendants are alleged to reside in either San Diego or Imperial County. (*See* Compl. at 2.) Therefore, venue more properly lies in the Eastern District of California pursuant to 28 U.S.C. § 84(b), rather than in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

**II.    Conclusion and Order**

Accordingly, **IT IS HEREBY ORDERED** that the action be dismissed.

DATED: February 26, 2007

Hon. Roger T. Benitez
United States District Judge